SHIPMAN & GOODWIN LLP
Marie C. Pollio (MP-2664)
One Constitution Plaza
Hartford, Connecticut 06103
Telephone: (860) 251-5000
Facsimile: (860) 251-5214

Brian Damiano
DUANE MORRIS LLP
1540 Broadway
New York, New York 10036
Telephone: (212) 692-1000
Facsimile:  (212) 202-4717

ATTORNEYS FOR DEFENDANT U.S. BANK NATIONAL ASSOCIATION,
AS INDENTURE TRUSTEE FOR THE 10.50% SENIOR NOTES DUE 2006

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MANUFACTURERS AND TRADERS TRUST COMPANY, as Successor Indenture Trustee for the 7.75% Contingent Convertible Notes Due 2015 issued by Calpine Corporation,<br><br>      Plaintiff,<br><br>      -against-<br><br>HSBC Bank USA, National Association, as Successor Indenture Trustee for the 7.625% Senior Notes Due 2006, the 8.75% Senior Notes Due 2007, the 8.75% Senior Notes Due 2008, and the 7.75% Senior Notes Due 2009 issued by Calpine Corporation,<br><br>      - and –<br><br>U.S. BANK NATIONAL ASSOCIATION, as Indenture Trustee for the 10.50% Senior Notes Due 2006 issued by Calpine Corporation,<br><br>Defendants. | ECF Case<br>CASE NO. 08-cv-03093 (VM)<br><br><br>**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS OF DEFENDANT U.S. BANK NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE** |

Defendant, U.S. Bank National Association, as Indenture Trustee for the 10.50% Senior Notes Due 2006 issued by the Calpine Corporation ("U.S. Bank"), for its Answer, Affirmative Defenses and Counterclaims to the Complaint of Manufacturers and Traders Trust Company (the "Plaintiff") dated February 21, 2008, responds and alleges as follows:

## ANSWER

## PRELIMINARY STATEMENT

1.  U.S. Bank denies the last sentence of Paragraph 1, and further states that U.S. Bank is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 1.

2.  U.S. Bank admits the allegations contained in Paragraph 2.

## SUMMARY OF ACTION

3.  U.S. Bank admits the allegations contained in Paragraph 3.

4.  U.S. Bank admits so much of Paragraph 4 as alleges that the Indenture governing the 7.75% Convertible Notes provides that the 7.75% Convertible Notes are subordinated in right of payment to the prior payment in full of all amounts due under Senior Debt, including the Senior Notes, and denies the remaining allegations in Paragraph 4.

5.  U.S. Bank denies the allegations contained in Paragraph 5.

6.  U.S. Bank denies the allegations contained in Paragraph 6.

7.  U.S. Bank admits the allegations contained in Paragraph 7.

8.  Paragraph 8 contains legal conclusions to which no response is required; to the extent a response is required, U.S. Bank denies the allegations contained in Paragraph 8.

9.  Paragraph 9 contains legal conclusions to which no response is required, to the extent a response is required; U.S. Bank denies the allegations contained in Paragraph 9.

## PARTIES

10.  U.S. Bank is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 10.

11.  U.S. Bank is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 11.

12.  U.S. Bank admits the allegations contained in Paragraph 12, and further avers that its main office as set forth in its Articles of Association is Cincinnati, Ohio.

## FACTS

I.  **The 7.75% Convertible Notes:**

13.  U.S. Bank is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 13.

14.  U.S. Bank is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 14.

15.  U.S. Bank is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 15.

16.  U.S. Bank admits the allegations contained in Paragraph 16.

II.  **Subordination Provisions of the Indenture:**

17.  U.S. Bank admits so much of Paragraph 17 as alleges that Section 11.01 of the Supplemental Indenture contains the words "to the extent and in the manner", denies the remaining allegations contained in Paragraph 17, and respectfully refers the Court to the Supplemental Indenture referenced in the Complaint for a true and complete statement of its terms.

18. U.S. Bank admits so much of Paragraph 18 as contains a portion of the terms of Section 11.03 of the Supplemental Indenture, and respectfully refers the Court to the Supplemental Indenture referred to in the Complaint for a true and complete statement of its terms, including but not limited to a true and complete statement of the entirety of Section 11.03. U.S. Bank denies the remaining allegations in Paragraph 18.

19. U.S. Bank admits so much of Paragraph 19 as alleges that Section 1.01(b) of the Supplemental Indenture defines "Senior Debt" as secured debt of Calpine as well as five issuances of Senior Notes, including the 10.50% Senior Notes due 2006, and denies the remaining allegations in Paragraph 19.

20. U.S. Bank denies the allegations contained in Paragraph 20.

21. U.S. Bank denies the allegations contained in Paragraph 21.

**III.   Certain Senior Note Holders' Breach of Contract Claims:**

22. U.S. Bank is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 22.

23. U.S. Bank is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 23.

24. U.S. Bank is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 24.

25. U.S. Bank is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 25.

26. U.S. Bank is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 26.

27.     U.S. Bank is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 27.

28.     U.S. Bank is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 28.

29.     U.S. Bank is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 29.

30.     U.S. Bank is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 30.

31.     U.S. Bank is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 31.

**IV.     Debtors' Plan of Reorganization:**

32.     U.S. Bank admits the allegations in Paragraph 32.

33.     U.S. Bank admits the allegations in Paragraph 33.

34.     U.S. Bank admits so much of Paragraph 34 as alleges that Sections III B.7 and I A of the Plan ("Intercreditor Subordination Dispute") are relevant, but denies the remainder of Paragraph 34. U.S. Bank further responds that the Plan speaks for itself and respectfully refers the Court to the Plan cited in the Complaint for a true and complete statement of its terms.

35.     U.S. Bank admits the allegations in Paragraph 35.

36.     U.S. Bank admits the allegations in Paragraph 36.

37.     U.S. Bank admits so much of Paragraph 37 as alleges that Calpine issued a press release, but denies the remainder of Paragraph 37. U.S. Bank further responds that the Press Release speaks for itself and respectfully refers the Court to the Press Release referred to in Paragraph 37 for a true and complete statement of its terms.

38. U.S. Bank admits so much of Paragraph 38 as alleges that U.S. Bank, as indenture trustee for the 10.50% Senior Notes, received an initial distribution of Calpine Common Stock, on behalf of the holders of the 10.50% Senior Notes, equal to approximately 84.8% of its claims in the aggregate for principal and pre-petition interest. U.S. Bank is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 38.

39. U.S. Bank admits so much of Paragraph 39 as alleges that U.S. Bank, as indenture trustee for the 10.50% Senior Notes, received a distribution of Calpine Common Stock, on behalf of holders of the 10.50% Senior Notes, equal to approximately 15.2% of its claims in the aggregate for principal and pre-petition interest, and upon information and belief, such distribution was otherwise distributable to Plaintiff. U.S. Bank is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 39.

40. U.S. Bank admits the allegations in Paragraph 40.

**V.    Subordination Dispute:**

41. U.S. Bank admits the allegations in Paragraph 41.

42. U.S. Bank is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 42.

43. U.S. Bank admits the allegations in Paragraph 43.

44. U.S. Bank admits the allegations in Paragraph 44.

45. U.S. Bank is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 45.

**COUNT I – DECLARATORY RELIEF: POST-PETITION INTEREST**

46. U.S. Bank repeats and realleges each and every answer contained in the foregoing paragraphs of its Answer with the same force and effect as though fully set forth herein.

47. U.S. Bank admits so much of Paragraph 47 as alleges that an actual justiciable controversy exists among the parties as to whether the 7.75% Convertible Note Holders are subordinated in right of payment to the prior payment in full of the Senior Note Holders' post-petition interest, and that Calpine's plan recognizes the existence of such a controversy, and provides for the deposit of shares of New Calpine Common Stock subject to the Intercreditor Subordination Dispute to be held in escrow pending a judicial declaration as to the respective rights of the parties, and denies the remaining allegations in Paragraph 47.

48. U.S. Bank denies the allegations in Paragraph 48.

49. U.S. Bank denies the allegations in Paragraph 49.

50. U.S. Bank denies the allegations in Paragraph 50.

51. U.S. Bank denies the allegations in Paragraph 51.

52. Paragraph 52 contains legal conclusions to which no response is required; to the extent a response is required, U.S. Bank denies the allegations contained in Paragraph 52.

**COUNT II – DECLARATORY RELIEF: BREACH OF CONTRACT CLAIMS**

53. U.S. Bank repeats and realleges each and every answer contained in the foregoing paragraphs of its Answer with the same force and effect as though fully set forth herein.

54. U.S. Bank is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 54.

55. U.S. Bank is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 55.

56. U.S. Bank is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 56.

57. U.S. Bank is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 57.

58. U.S. Bank is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 58.

59. U.S. Bank is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 59.

60. U.S. Bank is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 60.

**COUNT III – DECLARATORY RELIEF: FEES AND EXPENSES**

61. U.S. Bank repeats and realleges each and every answer contained in the foregoing paragraphs of its Answer with the same force and effect as though fully set forth herein.

62. U.S. Bank admits so much of Paragraph 62 as alleges that an actual justiciable controversy exists among the parties as to whether the 7.75% Convertible Note Holders are subordinated in right of payment to the prior payment in full of any fees and expenses incurred by the Senior Notes Trustees or the Senior Note Holders, and that Calpine's plan recognizes the existence of such a controversy, and provides for the deposit of shares of New Calpine Common Stock subject to the Intercreditor Subordination Dispute to be held in escrow pending a judicial declaration as to the respective rights of the parties, and denies the remaining allegations in Paragraph 62.

63. U.S. Bank denies the allegations contained in Paragraph 63.

64. U.S. Bank denies the allegations contained in Paragraph 64.

65. U.S. Bank denies the allegations contained in Paragraph 65.

66. Paragraph 66 contains legal conclusions to which no response is required; to the extent a response is required, U.S. Bank denies the allegations contained in Paragraph 66.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted.

2. The so called "Rule of Explicitness", referred to by Plaintiff in, inter alia, Paragraph 5 and 6, to the extent it has any viability, has no application in this case.

3. Even if such "Rule of Explicitness" were to apply, the payment of post-petition interest on the Senior Notes is provided for in the Indenture, the Supplemental Indenture and the 10.50% Indenture with sufficient explicitness to satisfy such "Rule of Explicitness."

## U.S. BANK COUNTERCLAIMS

### COUNT I – DECLARATORY RELIEF (Post-Petition Interest)

1. U.S. Bank repeats and realleges each and every answer contained in the foregoing paragraphs of its Answer with the same force and effect as though fully set forth herein.

2. Section 11.03 of the Supplemental Indenture states that any amounts otherwise payable on account of the 7.75% Convertible Notes shall be paid directly to the holders of the Senior Debt "to the extent necessary to pay such *Senior Debt in full*, in cash, after giving effect to any concurrent payment or distribution to or for the holders of such Senior Debt, before any such payment or distribution is made to the Holders of Notes or to the Trustee." (emphasis added)

3. Section 11.02 of the Supplemental Indenture states that in the event of a default by Calpine in the "payment of principal, premium, if any, interest on or *any other Obligation* related to any Senior Debt" no payment shall be made on account of the 7.75% Convertible

9

Notes "unless or until such Payment Default shall have been cured or waived or shall have ceased to exist or all Senior Debt and all Obligations relating thereto have been *paid in full* in cash[.]" (emphasis added)

4. Calpine defaulted on the payment of principal and interest due on the 10.50% Senior Notes on May 15, 2006.

5. Section 11.01(b) of the Supplemental Indenture defines Obligations to include "principal, interest, penalties, fees, indemnifications, reimbursements, damages and other liabilities payable under the documentation governing any Indebtedness."

6. The 10.50% Senior Notes were issued pursuant to an Indenture, dated May 16, 1996, between Calpine Corporation, as Issuer and Fleet National Bank, as Trustee (the "10.50% Indenture"). U.S. Bank is successor indenture trustee under the 10.50% Indenture.

7. Section 3.1 of the 10.50% Indenture states that Calpine shall pay interest on overdue installments of principal and overdue installments of interest at the rate borne by the securities, to the extent lawful. The securities bear the rate of 10.50%.

8. Section 2.10 of the 10.50% Indenture identifies limited circumstances under which the 10.50% Senior Notes are not considered outstanding, and therefore interest ceases to accrue. The filing of a petition in bankruptcy is not listed as one of the circumstances in which the 10.50% Senior Notes are not considered outstanding.

9. Section 2.14 of the 10.50% Indenture states that if Calpine defaults in the payment of interest, it shall pay the defaulted interest plus interest on such defaulted interest.

10. The plain language of the Indenture, the Supplemental Indenture, and the 10.50% Indenture require the payment in full of all amounts due on the Senior Notes, including post-

petition interest and fees and expenses prior to the payment of any amounts due on the 7.75% Convertible Notes.

11.  Accordingly, U.S. Bank respectfully seeks a judgment declaring that the payment in full of all amounts due on the Senior Notes is required, including post-petition interest, prior to the payment of any amounts due on the 7.75% Convertible Notes, whether from funds currently held in or to be deposited into escrow, or to the extent payment in full exceeds such assets, then from amounts that were or should have been set aside by the Plaintiff pursuant to the Supplemental Indenture, and/or from future distributions from Calpine to Plaintiff.

### COUNT II – DECLARATORY JUDGMENT (Fees and Expenses)

12.  U.S. Bank repeats and realleges each and every answer contained in the foregoing paragraphs of its Answer and Counterclaims with the same force and effect as though fully set forth herein.

13.  The plain language of the Supplemental Indenture and the 10.50% Indenture provides that the 7.75% Convertible Notes are subordinated in right of payment to the prior payment in full of the fees and expenses of U.S. Bank, as indenture trustee for the 10.50% Senior Notes.

14.  Accordingly, U.S. Bank respectfully seeks a judgment declaring that the payment in full of all amounts due on the Senior Notes is required, including post-petition interest and fees and expenses, prior to the payment of any amounts due on the 7.75% Convertible Notes, whether from funds currently held in or to be deposited into escrow, or to the extent payment in full exceeds such assets, then from amounts that were or should have been set aside by the Plaintiff pursuant to the Supplemental Indenture, and/or from future distributions from Calpine to Plaintiff.

WHEREFORE, the Defendant prays for a judgment against the Plaintiff as follows:

(a)    That the Plaintiff takes nothing by reason of its Complaint, and that judgment be rendered in favor of the Defendants thereon;

(b)    That an order be entered requiring the payment in full of all amounts due on the Senior Notes, including post-petition interest, prior to the payment of any amounts due on the 7.75% Convertible Notes, whether from funds currently held in or to be deposited into escrow, or to the extent payment in full exceeds such assets, then from amounts that were or should have been set aside by the Plaintiff pursuant to the Supplemental Indenture, and/or from future distributions from Calpine to Plaintiff;

(c)    That an order be entered requiring the payment in full of all amounts due on the Senior Notes, including fees and expenses, prior to the payment of any amounts due on the 7.75% Convertible Notes, whether from funds currently held in or to be deposited into escrow, or to the extent payment in full exceeds such assets, then from amounts that were or should have been set aside by the Plaintiff pursuant to the Supplemental Indenture, and/or from future distributions from Calpine to Plaintiff;

(d)    That an order be entered requiring the distribution of all escrowed amounts to the Senior Notes Indenture Trustees pro rata in satisfaction of their post-petition interest, contract damages, and fees and expenses claims;

(e)    That the Defendants be awarded the costs and expenses of this action, including reasonable counsel fees and costs; and

  (f)  That this Court grant to the Defendants such other and further relief as may be just and proper.

Dated: Hartford, Connecticut
   April 14, 2008

             DEFENDANT,
             U.S. BANK NATIONAL ASSOCIATION, AS
             INDENTURE TRUSTEE FOR THE 10.50%
             SENIOR SECURED NOTES DUE 2006

        By: /s/  Marie C. Pollio
           Marie C. Pollio (MP2664)
           For Shipman & Goodwin LLP
           One Constitution Plaza
           Hartford, CT 06103-1919
           Telephone: (860) 251-5000
           Facsimile: (860) 251-5214
           E-mail: mpollio@goodwin.com

           Brian Damiano
           DUANE MORRIS LLP
           1540 Broadway
           New York, New York 10036
           Telephone: (212) 693-1093
           Facsimile: (212) 202-4717

           Its Attorneys

503055 v.07

CERTIFICATION OF SERVICE

      I hereby certify that on the 14th day of April, 2008, a copy of foregoing was served by electronic mail and first-class mail postage prepaid on counsel for the Plaintiff, and was served by electronic mail on counsel for HSBC Bank USA, National Association, and that on this 15th day of April, 2008 a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

                                /s/   Marie C. Pollio

SHIPMAN & GOODWIN LLP
Marie C. Pollio (MP-2664)
One Constitution Plaza
Hartford, Connecticut 06103
Telephone: (860) 251-5000
Facsimile: (860) 251-5214

Brian Damiano
DUANE MORRIS LLP
1540 Broadway
New York, New York 10036
Telephone: (212) 692-1000
Facsimile: (212) 202-4717

ATTORNEYS FOR DEFENDANT U.S. BANK NATIONAL ASSOCIATION,
AS INDENTURE TRUSTEE FOR THE 10.50% SENIOR NOTES DUE 2006

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MANUFACTURERS AND TRADERS TRUST COMPANY, as Successor Indenture Trustee for the 7.75% Contingent Convertible Notes Due 2015 issued by Calpine Corporation,<br><br>Plaintiff,<br><br>-against-<br><br>HSBC Bank USA, National Association, as Successor Indenture Trustee for the 7.625% Senior Notes Due 2006, the 8.75% Senior Notes Due 2007, the 8.75% Senior Notes Due 2008, and the 7.75% Senior Notes Due 2009 issued by Calpine Corporation,<br><br>- and –<br><br>U.S. BANK NATIONAL ASSOCIATION, as Indenture Trustee for the 10.50% Senior Notes Due 2006 issued by Calpine Corporation,<br><br>Defendants. | ECF Case<br>CASE NO. 08-cv-03093 (VM)<br><br>**STATEMENT REGARDING DELAYED FILING** |

## Statement Regarding Delayed Filing

At 4:45 PM, on Monday, April 14, 2008, I attempted to file the foregoing Answer of Defendant U.S. Bank National Association, as indenture trustee for the 10.50% Senior Notes due 2006, via the Court's ECF system. Due to technical difficulties with the Court's system, I was unable to file by the answer deadline. I made several other attempts between 5:00 PM and 11:59 PM on April 14, 2008, with no success. The Court's ECF support line confirmed that the system was experiencing technical difficulties. I caused the foregoing to be served on counsel to the Plaintiff via electronic mail and first class mail postage prepaid on April 14, 2008. I have filed the attached as soon as practicable following the restoration of the ECF system.

I respectfully request that the Court accept the foregoing Answer and deem it timely filed.


Dated: April 15, 2008
       Hartford, Connecticut

                                    s/ Marie C. Pollio
                                    Marie C. Pollio
                                    SHIPMAN & GOODWIN LLP
                                    One Constitution Plaza
                                    Hartford, Connecticut 06103
                                    (860) 251-5000

                                    Counsel to U.S. Bank National Association,
                                    as Indenture Trustee for the 10.50% Senior
                                    Notes Due 2006


504782 v.01 S1