Sarah L. Reid
Alison MacGregor
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York  10178
Telephone:  (212) 808-7800
Attorneys for Defendant
HSBC Bank USA, National Association

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MANUFACTURERS AND TRADERS TRUST COMPANY, as Successor Indenture Trustee for the 7.75% Contingent Convertible Notes Due 2015 issued by Calpine Corporation,

    Plaintiff,

    -against-

HSBC Bank USA, National Association, as Successor Indenture Trustee for the 7.625% Senior Notes Due 2006, the 8.75% Senior Notes Due 2007, the 8.75% Senior Notes Due 2008, and the 7.75% Senior Notes Due 2009 issued by Calpine Corporation,

    – and –

U.S. BANK NATIONAL ASSOCIATION, as Indenture Trustee for the 10.50% Senior Notes Due 2006 issued by Calpine Corporation,

    Defendants.

---

ECF Case
Case No. 08-CV-3093 (VM)

**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS OF DEFENDANT HSBC BANK USA, NATIONAL ASSOCIATION**

---

       Defendant HSBC Bank USA, National Association ("HSBC"), by and through its undersigned counsel, Kelley Drye & Warren LLP, as and for its Answer, Affirmative Defenses

and Counterclaims to the Complaint of Plaintiff Manufacturers and Traders Trust Company ("Plaintiff"), hereby avers as follows:

## PRELIMINARY STATEMENT

1. HSBC denies the last sentence of Paragraph 1 of the Complaint, and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the remainder of Paragraph 1 of the Complaint.

2. HSBC admits the allegations contained in Paragraph 2 of the Complaint.

## SUMMARY OF ACTION

3. HSBC admits the allegations contained in Paragraph 3 of the Complaint.

4. HSBC admits that the Indenture governing the 7.75% Convertible Notes provides that the 7.75% Convertible Notes are subordinated in right of payment in full of all amounts due under Senior Debt, including the Senior Notes. HSBC denies the remainder of the allegations contained in Paragraph 4 of the Complaint.

5. HSBC denies the allegations contained in Paragraph 5 of the Complaint.

6. HSBC denies the allegations contained in Paragraph 6 of the Complaint.

7. HSBC admits the allegations contained in Paragraph 7 of the Complaint.

8. Paragraph 8 of the Complaint contains legal conclusions to which no response is required; to the extent a response is required, HSBC denies the allegations contained in Paragraph 8 of the Complaint.

9. Paragraph 9 of the Complaint contains legal conclusions to which no response is required; to the extent a response is required, HSBC denies the allegations contained in Paragraph 9 of the Complaint.

## PARTIES

10. HSBC denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11. HSBC admits the allegations in Paragraph 11 of the Complaint, and further avers that its main office as set forth in its Articles of Association is Wilmington, Delaware.

12. HSBC denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

## FACTS

**I.  The 7.75% Convertible Notes:**

13. HSBC denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14. HSBC denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15. HSBC denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16. HSBC admits the allegations contained in Paragraph 16 of the Complaint.

**II.  Subordination Provisions of the Indenture:**

17. HSBC admits that Section 11.01 of the Supplemental Indenture contains the words "to the extent and manner," denies the remaining allegations contained in Paragraph 17 of the Complaint, and respectfully refers the Court to the Supplemental Indenture referenced therein for a true and complete statement of its terms.

18. HSBC admits the allegations contained in Paragraph 18 of the Complaint contain a portion of the terms of 11.03 of the Supplemental Indenture, and respectfully refers the

Court to the Supplemental Indenture referred to therein for a true and complete statement of its terms, including but not limited to a true and complete statement of the entirety of Section 11.03.

19. HSBC admits that Section 1.01(b) Supplemental Indenture defines "Senior Debt" as secured debt of Calpine as well as five issuances of Senior Notes issued by Calpine, and denies the remainder of the allegations contained in Paragraph 19 of the Complaint.

20. HSBC denies the allegations contained in Paragraph 20 of the Complaint.

21. HSBC denies the allegations contained in Paragraph 21 of the Complaint.

**III.    Certain Senior Note Holders' Breach of Contract Claims:**

22. HSBC denies the allegations contained in Paragraph 22 of the Complaint.

23. HSBC admits that Calpine filed the HSBC Settlement Motion, and denies knowledge or information sufficient to form a belief as to the allegations contained in the remainder of the allegations contained in Paragraph 23 of the Complaint.

24. HSBC admits that HSBC, on behalf of holders of two (2) series of Senior Notes, asserted general unsecured claims in the amount of $7,300,000 for breach of contract damages against Calpine, and respectfully refers the Court to the HSBC Settlement Motion referred to in Paragraph 24 for a true and complete statement of its terms, including HSBC's breach of contract claims against Calpine.

25. HSBC admits that it was granted an allowed general unsecured claim in the total amount of $3,650,000, and respectfully refers the Court to the HSBC Order referred to in Paragraph 25 for a true and correct statement of its terms.

26. HSBC admits the allegations contained in Paragraph 26 of the Complaint.

27. HSBC admits the allegations contained in Paragraph 27 of the Complaint.

28. Upon information and belief, HSBC admits the allegations contained in Paragraph 28 of the Complaint.

29. HSBC denies the allegations in Paragraph 29 of the Complaint, and respectfully refers the Court to the HSBC Stipulation and HSBC Order referred to therein for a true and complete statement of their terms.

30. HSBC admits that the HSBC Order contains the following language in paragraph 4:

> The Calpine Unsecured Noteholders and HSBC, as successor indenture trustee on behalf of the Calpine Unsecured Notes, retain any and all rights that they now have against other parties or property under or with respect to subordination provisions, including, but not limited to, those contained in the 7.750% Contingent Senior Convertible Notes due June 1, 2015 issued by Calpine other than with respect to the Makewhole Claims …

HSBC denies that the above language is the complete contents of Paragraph 4, and respectfully refers the Court to the HSBC Order referred to in Paragraph 30 of the Complaint for a true and complete statement of its terms.

31. HSBC admits the allegations contained in Paragraph 31 of the Complaint.

**IV.    Debtors' Plan of Reorganization:**

32. HSBC admits the allegations contained in Paragraph 32 of the Complaint.

33. HSBC admits the allegations contained in Paragraph 33 of the Complaint.

34. HSBC admits the portions of Paragraph 34 that allege that Sections III B.7 and I A of the Plan ("Intercreditor Subordination Dispute") are relevant, but denies the remainder of Paragraph 34 of the Complaint, and respectfully refers the Court to the Plan cited therein a true and complete statement of its terms.

35. HSBC admits the allegations contained in Paragraph 35 of the Complaint.

36. HSBC admits the allegations contained in Paragraph 36 of the Complaint.

37. HSBC admits that Calpine issued a Press Release, and respectfully refers the Court to the Press Release referred to in Paragraph 37 of the Complaint for a true and complete statement of its terms.

38. HSBC admits that HSBC, as Indenture Trustee for four series of Senior Notes, received an initial distribution of Calpine Common Stock, on behalf of the holders of four series of Senior Notes, equal to approximately 84.4% of its claims in the aggregate for principal and pre-petition interest. HSBC denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 38 of the Complaint.

39. HSBC admits that HSBC, as Indenture Trustee for four series of Senior Notes, received a distribution of Calpine Common Stock, on behalf of the holders of four series of Senior Notes, equal to approximately 15.2% of its claims in the aggregate for principal and pre-petition interest, and upon information and belief, such distribution was otherwise distributable to Plaintiff. HSBC denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 39 of the Complaint.

40. HSBC admits the allegations contained in Paragraph 40 of the Complaint.

**V.    Subordination Dispute:**

41. HSBC admits the allegations contained in Paragraph 41 of the Complaint.

42. HSBC denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint.

43. HSBC admits the allegations contained in Paragraph 43 of the Complaint.

44. HSBC admits the allegations contained in Paragraph 44 of the Complaint.

45. HSBC denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint.

**COUNT I – DECLARATORY RELIEF:  POST-PETITION INTEREST**

46. HSBC repeats and realleges each and every answer contained in the foregoing paragraphs of its Answer with the same force and effect as though fully set forth herein.

47. HSBC admits that an actual justiciable controversy exists among the parties as to whether the 7.75% Convertible Note Holders are subordinated in right of payment to the prior payment in full of the Senior Note Holders' post-petition interest, and that Calpine's Plan recognizes the existence of such a controversy and provides for the deposit of shares of New Calpine Common Stock subject to the Intercreditor Subordination Dispute to be held in escrow pending a judicial declaration as to the respective rights of the parties, and denies the allegations contained in the remainder of Paragraph 47 of the Complaint.

48. HSBC denies the allegations contained in Paragraph 48 of the Complaint.

49. HSBC denies the allegations contained in Paragraph 49 of the Complaint.

50. HSBC denies the allegations contained in Paragraph 50 of the Complaint.

51. HSBC denies the allegations contained in Paragraph 51 of the Complaint.

52. Paragraph 52 of the Complaint contains legal conclusions to which no response is required; to the extent a response is required, HSBC denies the allegations contained in Paragraph 52 of the Complaint.

**COUNT II – DECLARATORY RELIEF:  BREACH OF CONTRACT CLAIMS**

53. HSBC repeats and realleges each and every answer contained in the foregoing paragraphs of its Answer with the same force and effect as though fully set forth herein.

54. HSBC admits that an actual justiciable controversy exists among the parties as to whether the 7.75% Convertible Note Holders are subordinated in right of payment to

the prior payment of any of the Settling Senior Note Holders' Asserted Breach of Contract Claims or Allowed Breach of Contract Claims, and that Calpine's Plan recognizes the existence of such a controversy and provides for the deposit of shares of New Calpine Common Stock subject to the Intercreditor Subordination Dispute to be held in escrow pending a judicial declaration as to the respective rights of the parties, and denies the allegations contained in the remainder of Paragraph 54 of the Complaint.

55.    HSBC denies the allegations contained in Paragraph 55 of the Complaint.

56.    HSBC denies the allegations contained in Paragraph 56 of the Complaint.

57.    HSBC denies the allegations contained in Paragraph 57 of the Complaint.

58.    HSBC denies the allegations contained in Paragraph 58 of the Complaint.

59.    HSBC denies the allegations contained in Paragraph 59 of the Complaint.

60.    Paragraph 60 of the Complaint contains legal conclusions to which no response is required; to the extent a response is required, HSBC denies the allegations contained in Paragraph 60 of the Complaint.

### COUNT III – DECLARATORY RELIEF: FEES AND EXPENSES

61.    HSBC repeats and realleges each and every answer contained in the foregoing paragraphs of its Answer with the same force and effect as though fully set forth herein.

62.    HSBC admits that an actual justiciable controversy exists among the parties as to whether, under the governing Indenture, the 7.75% Convertible Note Holders are subordinated in right of payment to the prior payment in full of any fees and expenses incurred by the Senior Notes Trustees or Senior Note Holders, and that Calpine's Plan recognizes the existence of such a controversy and provides for the deposit of shares of New Calpine Common Stock subject to the Intercreditor Subordination Dispute to be held in escrow pending a judicial

declaration as to the respective rights of the parties, and denies the remaining allegations contained in Paragraph 62 of the Complaint.

63. HSBC denies the allegations contained in Paragraph 63 of the Complaint.

64. HSBC denies the allegations contained in Paragraph 64 of the Complaint.

65. HSBC denies the allegations contained in Paragraph 65 of the Complaint.

66. Paragraph 66 of the Complaint contains legal conclusions to which no response is required; to the extent a response is required, HSBC denies the allegations contained in Paragraph 66 of the Complaint.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted.

2. The so-called "Rule of Explicitness," referred to by Plaintiff in, *inter alia,* Paragraphs 5 and 6 of the Complaint, to the extent it has any viability, has no application in this case.

3. Even if such "Rule of Explicitness" were to apply, the payment of post-petition interest on the Senior Notes is provided for in the Indenture, the Supplemental Indenture and the HSBC Senior Indentures (hereinafter defined) with sufficient explicitness to satisfy the "Rule of Explicitness."

## HSBC'S COUNTERCLAIMS

### COUNT I – DECLARATORY RELIEF (Post-Petition Interest)

1. HSBC repeats and realleges each and every answer contained in the foregoing paragraphs of its Answer with the same force and effect as though fully set forth herein.

- 9 -

2. Section 11.03 of the Supplemental Indenture states that any amounts otherwise payable on account of the 7.75% Convertible Notes shall be paid directly to the holders of the Senior Debt "to the extent necessary to pay such *Senior Debt in full*, in cash, after giving effect to any concurrent payment or distribution to or for the holders of such Senior Debt, before any such payment or distribution is made to the Holders of Notes or to the Trustee." (emphasis added)

3. Section 11.02 of the Supplemental Indenture states that in the event of a default by Calpine in the "payment of principal, premium, if any, interest on or *any other Obligation* related to any Senior Debt" no payment shall be made on account of the 7.75% Convertible Notes "unless or until such Payment Default shall have been cured or waived or shall have ceased to exist or all Senior Debt and all Obligations relating thereto have been *paid in full* in cash[.]"  (emphasis added)

4. Calpine defaulted on the payment of principal and interest due on the four series of Senior Notes (defined hereinafter as "HSBC Senior Indentures") for which HSBC is Indenture Trustee.

5. Section 11.01(b) of the Supplemental Indenture defines Obligations to include "principal, interest, penalties, fees, indemnifications, reimbursements, damages and other liabilities payable under the documentation governing any Indebtedness."

6. HSBC is Indenture Trustee for four series of Senior Notes issued pursuant to the following indentures:

    (a) Indenture dated as of July 8, 1997, between Calpine Corporation and The Bank of New York, as Trustee, for $275,000,000 in 8 ¾ % Senior Notes Due 2007 (the "8 ¾ % HSBC Senior Indenture");

    (b)    Indenture dated as of March 31, 1998, between Calpine Corporate and The Bank of New York, as Trustee, for $400,000,000 7 7/8% Senor Notes Due 2008 (the "7 7/8% HSBC Senior Indenture");

    (c)    Indenture dated as of March 29, 1999, between Calpine Corporation and The Bank of New York, as Trustee, for $350,000,000 7 3/4% Senior Notes Due 2009 (the "7 ¾% HSBC Senior Indenture"); and

    (d)    Indenture dated as of March 29, 1999, between Calpine Corporation and The Bank of New York, as Trustee, for $250,000,000 7 5/8% Senior Notes Due 2006 (the "7 5/8% HSBC Senior Indenture" and, together with the 8 ¾% Senior Indenture, the 7 7/8% Senior Indenture, and the 7 ¾% Senior Indenture, the "HSBC Senior Indentures").

HSBC is successor indenture trustee under each of the HSBC Senior Indentures.

    7.    Section 3.1 of each of the HSBC Senior Indentures states that Calpine shall pay interest on overdue installments of principal and overdue installments of interest at the rate borne by the securities, to the extent lawful.  The securities bear the respective rates of 8 ¾%, 7 7/8%, 7 ¾% and 7 5/8%.

    8.    Section 2.10 of the 7 7/8% HSBC Senior Indenture and the 8 ¾ % HSBC Senior Indenture, and Section 2.8 of f the 7 5/8 % HSBC Indenture and the 7 ¾% HSBC Senior Indenture, identify limited circumstances under which the respective Senior Notes are not considered outstanding, and therefore interest ceases to accrue.  The filing of a petition in bankruptcy is not listed as one of the circumstances in which the Senior Notes under the HSBC Senior Indentures are not considered outstanding.

9. Section 2.12 of the 7 5/8 % HSBC Indenture and the 7 ¾% HSBC Senior Indenture, and Section 2.14 of the 7 7/8% HSBC Senior Indenture and the 8 ¾ % HSBC Senior Indenture, state that if Calpine defaults in the payment of interest, it shall pay the defaulted interest plus interest on such defaulted interest.

10. The plain language of the Indenture, the Supplemental Indenture, and the HSBC Senior Indentures require the payment in full of all amounts due on the Senior Notes, including post-petition interest and fees and expenses prior to the payment of any amounts due on the 7.75% Convertible Notes.

11. Accordingly, HSBC respectfully seeks a judgment declaring that the payment in full of all amounts due on the Senior Notes is required, including post-petition interest, prior to the payment of any amounts due on the 7.75% Convertible Notes, whether from funds currently held in or to be deposited into escrow, or to the extent payment in full exceeds such assets, then from amounts that were or should have been set aside by the Plaintiff pursuant to the Supplemental Indenture, and/or from future distributions from Calpine to Plaintiff.

### COUNT II – DECLARATORY RELIEF (Breach of Contract)

12. HSBC repeats and realleges each and every answer and claim contained in the foregoing paragraphs of its Answer and Counterclaims with the same force and effect as though fully set forth herein.

13. The 7.75% Convertible Notes are subordinated in right of payment to the prior payment in full of the allowed amount of the claims set forth in the HSBC Settlement described in Paragraphs 23 and 24 of the Complaint.

14. HSBC, on behalf of the Settling Senior Note Holders received approximately 84.4% of the Allowed Breach of Contract claims from the Calpine estate, leaving

a balance of $544,800 unpaid on account of the Settling Senior Note Holders' Allowed Breach of Contract Claims.

15. Accordingly, HSBC respectfully seeks a judgment declaring that payment in full of all amounts due on the Settling Senior Note Holders' Asserted Breach of Contract Claims or Allowed Breach of Contract claims is required, prior to the payment of any amounts due on the 7.75% Convertible Notes, whether from funds currently held in or to be deposited in escrow, or to the extent payment in full exceeds such assets, then from amounts that were or should have been set aside by the Plaintiff pursuant to the Supplemental Indenture, and/or from future distributions from Calpine to Plaintiff.

## COUNT III – DECLARATORY RELIEF (Fees and Expenses)

16. HSBC repeats and realleges each and every answer and claim contained in the foregoing paragraphs of its Answer and Counterclaims with the same force and effect as though fully set forth herein.

17. The plain language of the Supplemental Indenture and the HSBC Senior Indentures provides that the 7.75% Convertible Notes are subordinated in right of payment to the prior payment in full of the fees and expenses of HSBC, as indenture trustee for the four series of Senior Notes issued under the HSBC Senior Indentures.

18. Accordingly, HSBC respectfully seeks a judgment declaring that the payment in full of all amounts due on the Senior Notes is required, including fees and expenses, prior to the payment of any amounts due on the 7.75% Convertible Notes, whether from funds currently held in or to be deposited into escrow, or to the extent payment in full exceeds such

assets, then from amounts that were or should have been set aside by the Plaintiff pursuant to the Supplemental Indenture, and/or from future distributions from Calpine to Plaintiff.

WHEREFORE, the Defendant prays for a judgment against the Plaintiff as follows:

(a) That the Plaintiff takes nothing by reason of its Complaint, and that judgment be rendered in favor of the Defendants thereon;

(b) That an order be entered requiring the payment in full of all amounts due on the Senior Notes, including post-petition interest and fees and expenses, prior to the payment of any amounts due on the 7.75% Convertible Notes, whether from funds currently held in or to be deposited into escrow, or to the extent payment in full exceeds such assets, then from amounts that were or should have been set aside by the Plaintiff pursuant to the Supplemental Indenture, and/or from future distributions from Calpine to Plaintiff;

(c) That an order be entered requiring the payment in full of all amounts due on the Settling Senior Note Holders' Asserted Breach of Contract Claims or Allowed Breach of Contract claims, prior to the payment of any amounts due on the 7.75% Convertible Notes, whether from funds currently held in or to be deposited in escrow, or to the extent payment in full exceeds such assets, then from amounts that were or should have been set aside by the Plaintiff pursuant to the Supplemental Indenture, and/or from future distributions from Calpine to Plaintiff.

(e) That an order be entered requiring the distribution of all escrowed amounts to the Senior Notes Indenture Trustees pro rata in satisfaction of their post-petition interest, contract damages, and fees and expenses claims;

   (f) That the Defendants be awarded the costs and expenses of this action, including reasonable counsel fees and costs; and

   (f) That this Court grant to the Defendants such other and further relief as may be just and proper.

Dated: New York, New York  
    April 14, 2008

                KELLEY DRYE & WARREN LLP

                By: */s/ Sarah L. Reid*  
                   Sarah L. Reid  
                   Alison MacGregor  
                   101 Park Avenue  
                   New York, NY  10178  
                   (212) 808-7800

                *Attorneys for Defendant HSBC Bank USA,*  
                *National Association, as Indenture Trustee*

Sarah L. Reid
Alison MacGregor
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York  10178
Telephone:  (212) 808-7800
Attorneys for Defendant
HSBC Bank USA, National Association

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MANUFACTURERS AND TRADERS TRUST COMPANY, as Successor Indenture Trustee for the 7.75% Contingent Convertible Notes Due 2015 issued by Calpine Corporation,<br><br>      Plaintiff,<br><br>      -against-<br><br>HSBC Bank USA, National Association, as Successor Indenture Trustee for the 7.625% Senior Notes Due 2006, the 8.75% Senior Notes Due 2007, the 8.75% Senior Notes Due 2008, and the 7.75% Senior Notes Due 2009 issued by Calpine Corporation,<br><br>      – and –<br><br>U.S. BANK NATIONAL ASSOCIATION, as Indenture Trustee for the 10.50% Senior Notes Due 2006 issued by Calpine Corporation,<br><br>      Defendants. | ECF Case<br>Case No. 08-CV-3093 (VM) |

## Statement Regarding Delayed Filing

At 5:30 PM, on Monday, April 14, 2008, I attempted to file the foregoing Answer,

Affirmative Defenses and Counterclaims of Defendant HSBC Bank USA, National Association,

- 2 -

as Indenture Trustee (the "Answer"), via the Court's ECF system. Due to technical difficulties with the Court's system, I was unable to file by the Answer deadline of April 14, 2008. I made several other attempts between 6:00 PM and 11:59 PM on April 14, 2008, with no success. The Court's ECF support line confirmed that the system was experiencing technical difficulties. I caused the foregoing to be served on counsel to the Plaintiff via first class mail postage prepaid on April 14, 2008. I have filed the Answer as soon as practicable following the restoration of the ECF system.

    I respectfully request that the Court accept the foregoing Answer and deem it timely filed.

Dated: New York, New York
       April 15, 2008

KELLEY DRYE & WARREN LLP

By: */s/ Sarah L. Reid*
    Sarah L. Reid
    Alison MacGregor
    101 Park Avenue
    New York, NY 10178
    (212) 808-7800

*Attorneys for Defendant HSBC Bank USA, National Association, as Indenture Trustee*

<u>**CERTIFICATE OF SERVICE**</u>

On the 14th day of April, 2008 I caused to be served the Answer, Affirmative Defenses and Counterclaims of Defendant HSBC Bank USA, National Association, upon those parties listed below via United States First Class Mail.

_____<br>Alison L. MacGregor

Ira H. Goldman
Marie C. Pollio
SHIPMAN & GOODWIN LLP
One Constitution Plaza
Hartford, Connecticut 06103

Gregory Haworth
Brian Damiano
DUANE MORRIS LLP
1540 Broadway
New York, New York 10036

*Attorneys for Defendant U.S. Bank National Association, as Indenture Trustee*

Rolan P. Bissell
Norman M. Powell
Ian S. Fredericks
Young Conaway Stargatt & Taylor LLP
The Brandywine Building
10000 West Street, 17th Floor
Wilmington, DE 19801

S. Robert Schrager
Hodgson Russ LLP
60 West 42nd Street, 37th floor
New York, NY 10165

*Attorneys for Plaintiff Manufacturers and Traders Trust Company, as Indenture Trustee*