```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------X
MANUFACTURERS AND TRADERS TRUST    :
COMPANY,                           :
                                   :
                 Plaintiff,        :
                                   :
         -against-                 :
                                   :
HSBC BANK USA, N.A., and           :
U.S. BANK NATIONAL ASSOCIATION,    :
                                   :
                                   :
                 Defendants.       :
---------------------------------X
```

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _7-1-08_

08 CV 3093 (VM)

**DECISION AND ORDER**

**VICTOR MARRERO, United States District Judge.**

Plaintiff, Manufacturers and Traders Trust Company ("M & T"), commenced an action in the Supreme Court of the State of New York, New York County (the "State Court"), against HSBC Bank USA ("HSBC") and U.S. Bank National Association ("USBNA") (collectively, "Defendants"). Invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332, Defendants removed the action to this Court pursuant to 28 U.S.C. § 1441. In response, M & T filed the instant motion seeking to remand the action to the State Court. For the reasons stated below, M & T's motion to remand is DENIED.

## I.  BACKGROUND[1]

On February 21, 2008, M & T commenced the instant action

---

[1] The factual recitation and contentions set forth below are drawn from Plaintiffs' Memorandum of Law in Support of Their Motion to Remand, dated April 24, 2008; Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion to Remand, dated May 12, 2008 ("Def.'s Mem."); and Plaintiff's Reply Memorandum of Law in Further Support of Motion to Remand, dated June 6, 2008.

against Defendants in State Court.  Defendants then filed a
notice to remove the case to this Court, based on the Court's
diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) ("§
1332(a)(1)").  M & T is a New York corporation with its
principal place of business in New York.  HSBC is a national
bank with its main office in Delaware and principal place of
business in New York.  USBNA is a national bank with its main
office and principal place of business in Ohio.  The
citizenship of USBNA is not in dispute.

M & T moved to remand the case to State Court, arguing
that diversity jurisdiction does not exist under these
circumstances.  M & T brought this action to recover, among
other things, Defendants' fees and expenses associated with
their service as indenture trustees.  In connection with the
underlying transactions, Defendants have acted in their
capacity as indenture trustees on behalf of the note holders
(the "Note Holders") of various securities issued by the
Calpine Corporation.  The parties disagree over whether the
citizenship of the Defendants or the Note Holders should be
controlling for diversity purposes (the "Trustee Issue").  The
parties further disagree over whether HSBC should be
considered a citizen of New York, which would destroy
diversity (the "Citizenship Issue").

## II.  **DISCUSSION**

2

A.    LEGAL STANDARD

Diversity is present pursuant to § 1332(a)(1) when an action is between "citizens of different States." 28 U.S.C. § 1332(a)(1). However, diversity is lacking where any party to the action is a citizen of the same state as an opposing party. See Wisconsin Dep't of Corrs. v. Schacht, 524 U.S. 381, 388 (1998); Strawbridge v. Curtiss, 7 U.S. 267, 267 (1806).

The citizenship of the trustee(s) of an indenture controls for diversity purposes, even if the note holders retain some control over the trustee(s). See Navarro Sav. Assoc. v. Lee, 446 U.S. 458, 464-65 (1980); see also Fleet Nat'l Bank v. Trans World Airlines, Inc., 767 F. Supp. 510, 514-15 (S.D.N.Y. 1991). When dealing with indenture trustees, it is unnecessary to determine the citizenship of the trust beneficiaries. See Fleet, 767 F. Supp. at 512.

For diversity purposes, a corporation is deemed to be a citizen of both the state in which it has its principal place of business and of any state in which it is incorporated. See 28 U.S.C. § 1332(c)(1); Egan v. American Airlines, Inc., 324 F.2d 565, 566 (2d Cir. 1963). National banks, however, are citizens of the state in which they are located, see 28 U.S.C. § 1348, and the location of a national bank's citizenship, for diversity purposes, is determined by the location of its main

3

office.    See Wachovia Bank v. Schmidt, 546 U.S. 303, 306-07 (2006); Excelsior Funds, Inc. v. JPMorgan Chase Bank, N.A., 470 F. Supp. 2d 312, 313 (S.D.N.Y. 2006).    "[I]t is well established that the party seeking to invoke [diversity] jurisdiction ... bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." Herrick Co. v. SCS Commc'ns, Inc., 251 F.3d 315, 322-23 (2d Cir. 2001).

B.    TRUSTEE ISSUE

Regarding the Trustee Issue, indenture trustees are guardians of the interests of the Note Holders.    The notes are actively traded on the open market, and the citizenships of the large number of Note Holders are unknown or not easily ascertainable.    Thus, the only efficient and practical course to prosecute the action is for the indenture trustee to be treated as a representative party in any lawsuit involving a trust.    See Fleet, 767 F. Supp. at 514 ("[I]t is impractical, not to mention wasteful, to expect the numerous noteholders to organize or bring individual actions.").    As such, for diversity purposes, courts look to the citizenship of the indenture trustee rather than the individual note holders and do not analyze who is the real party in interest.    See JPMorgan Chase Bank v. Traffic Stream (BVI) Infrastructure Ltd., 536 U.S. 88, 91 (2002) (finding alienage diversity

4

existed where plaintiff, a New York corporation, was an indenture trustee suing on behalf of its note holders and defendant was a British Virgin Island corporation); Bank of New York v. Tri Polyta Fin. B.V., No. 01 Civ. 9104, 2003 WL 196058, at *1 (S.D.N.Y. Apr. 25, 2003) (finding diversity present in a breach of contract claim brought by an indenture trustee against two foreign corporations). Accordingly, the Court finds that the citizenships of HSBC and USBNA are controlling for diversity purposes.

As M & T argued, even if the Court, using Navarro as a guide, were to analyze Defendants' citizenship based upon the real party in interest, HSBC and USBNA, rather than the Note Holders, would be considered the real party in interest and not simply a "naked trustee." Navarro, 446 U.S. at 465 (quoting McNutt v. Bland, 43 U.S. 9, 15 (1844)). The "naked trustee" contemplated by Navarro was a pure administrator, wholly controlled by the beneficiaries of the assets. See id. at 463-65. A trustee is the real party in interest as long as the trustee retains sufficient powers over the management and disposal of the assets for the beneficiaries of the trust. See id. at 464; see also Fleet, 767 F. Supp. at 515; Connecticut Nat'l Bank v. Trans World Airlines, Inc., 762 F. Supp. 76, 79 (S.D.N.Y. 1991) (rejecting the argument that plaintiff was merely a "naked trustee" considering, among

5

other things, that plaintiff was authorized by agreement to seek the remedy).

Here, although the Note Holders retained certain powers over the trustees, including the possibility of directing the trustees, these powers do not reduce the indenture trustees to the status of "mere conduit[s] for a remedy flowing to others." Fleet, 767 F. Supp. at 514 (quoting Navarro, 446 U.S. at 465). Like the indenture trustee in Fleet, Defendants retained the power to sue on behalf of the Note Holders and permitted the Note Holders to sue on their own behalf only after five requirements were met, one of which included the refusal of the indenture trustee to sue. Cf. Navarro, 446 U.S. at 464-65 ("[The note holders] can neither control the disposition nor intervene in the affairs of the trust except in the most extraordinary situations."). The Note Holders are given the power to enforce remedies only if the indenture trustees refuse to do so. Furthermore, as in Fleet, M & T has sued the indenture trustees directly, disputing their fees and expenses, realizing that the means of enforcing its rights is through a suit against Defendants and not against the Note Holders. Accordingly, even if the Court were to inspect the inner workings of the indenture agreement, because Defendants retained sufficient powers to render them the real party in interest, the Court must look at the citizenships of the

6

indenture trustees for diversity purposes.

C.   CITIZENSHIP ISSUE

Diversity jurisdiction for corporations which possess citizenship in one state by reason of incorporation and in another state by reason of principal place of business is not an either/or proposition in which either the parties (or the Court for that matter) chooses one citizenship and determines diversity based on that one citizenship.  See IGY Ocean Bay Prop., Ltd. v. Ocean Bay Prop., Ltd., 534 F. Supp. 2d 446, 448 (S.D.N.Y. 2008).   Rather, for this Court to exercise jurisdiction over the matter, diversity must exist under both citizenships.

In contrast, the citizenship of a national banking association is determined solely by the location of its main office.  See Excelsior, 470 F. Supp. 2d at 313.  As a business corporation, M & T's New York citizenship is not disputed. However, HSBC is a national banking association with its main office, as designated in its articles of association, in Delaware.  A national banking association is not considered a citizen of any state in which it maintains only its principal place of business or a branch office but not its main office. See Wachovia, 546 U.S. at 307.  Unlike the banking association in Wachovia, HSBC's principal place of business, New York, is not located in the same state as its main office.   If HSBC

7

were classified as a business corporation, diversity would be nonexistent.  However, because HSBC is properly classified in this case as a national bank, it thus may be treated as a citizen of only Delaware for diversity purposes.  <u>See</u> <u>Excelsior</u>, 470 F. Supp. 2d at 313. Accordingly, because the citizenship of the indenture trustees, HSBC and USBNA, is controlling and HSBC is a citizen of Delaware and USBNA is a citizen of Ohio, diversity of citizenship exists between Defendants and M & T.

### III.  ORDER

For the foregoing reasons, it is hereby

**ORDERED** that the motion (Docket No. 10) of plaintiff Manufacturers and Traders Trust Company to remand this action to the Supreme Court of the State of New York, New York County is DENIED.

**SO ORDERED.**

Dated:    New York, New York
          1 July 2008

Victor Marrero
U.S.D.J.